IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **PITTSBURGH UNIVERSAL, LLC** | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | NO. 16-1548 |
| **SEAN MYKLEBY**, *et al.* | : | |

## ORDER

**AND NOW**, this 25th day of November 2016, upon consideration of Plaintiff's Motion for a temporary restraining order (ECF Doc. No. 42), Defendant's Opposition (ECF Doc. No. 47), following today's Hearing during which we admitted exhibits and evaluated the credibilty of Plaintiff's President's testimony and heard extensive oral argument, it is **ORDERED** Plaintiff's Motion (ECF Doc. No. 42) is **GRANTED in part** and, upon filing of a $2,500 unsecured bond, Defendant Sean Mykleby is **temporarily enjoined** from contacting or soliciting any of Plaintiff's identified customers and shall not disclose Plaintiff's trade secrets, confidential business strategies, pricing models or profit margins including while attending the Radiological Society of North America's 102nd Scientific Assembly and Annual Meeting in Chicago from Sunday, November 27, 2016 through Friday, December 2, 2016 upon our findings:

1. Plaintiff has demonstrated, on a preliminary record, Mr. Mykleby signed an employment agreement containing both a non-compete and non-solicitation prohibition in exchange for valid consideration both upon hiring and upon signing the employment agreement;

2. Plaintiff has not shown a likelihood of success on the merits for its claim seeking to enforce a non-compete clause, including failing to demonstrate California law does not apply

to prohibit the enforcement of a non-compete and, on this record, we find California law is more likely to apply given its long-held prohibition on non-compete provisions; Plaintiff did not adduce evidence of a substantial Pennsylvania interest other than its business office is located in this District, but the vast majority of its employees and work is performed in Illinois including by Mr. Mykleby before he moved to California; and, while the parties agreed to Pennsylvania law during employment, we have no evidence the parties agreed Pennsylvania law would survive the ending of employment;

3. Plaintiff has shown a likelihood of success for its claim seeking to enforce its confidentiality and customer non-solicitation based on Mr. Mykleby's undisputed knowledge of Plaintiff's business strategies which must not be disclosed absent further Order;

4. The active contacting and solicitation of Plaintiff's known customers and dissemination of Plaintiff's confidential information to Plaintiff's customers or any third party will create irreparable harm;

5. The balancing of the equities for this limited time until our January 23, 2016 Preliminary Injunction Hearing (ECF Doc. No. 40) weighs in favor of this limited injunction but no further;

6. Balancing the hardships weighs ever slightly in favor of this limited injunction as all parties attend the trade show with multiple representatives;

7. Issuing a limited injunction will maintain the *status quo*;

8. As Plaintiff has not shown a likelihood of success on the merits on its non-compete claim against a California resident, formerly residing in Illinois, the public interest is benefitted by allowing California employees to seek work. The limited prohibition on

solicitation in tandem with the trade secret protections is consistent with California and Pennsylvania law permitting such restrictions; and

9. Plaintiff's posting of a $2,500 unsecured bond will provide security for alleged loss business suffered at this one trade show in the reduced role for Mr. Mykleby as he cannot solicit or contact Plaintiff's identified customers, but can answer their inquiries without disclosing Plaintiff's trade secret and confidential information.

_____
KEARNEY, J.